**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GLENN RODNEY WRIGHT,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:12-CV-3173-N-BK** |
| | § | |
| **ALYCIA CARTER, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge.  For the reasons that follow, it is recommended that the complaint be dismissed without prejudice for want of prosecution.

**I. BACKGROUND**

Plaintiff filed a *pro se* complaint against Defendants Alycia Carter, Daniel Dreysen, Steve Cohen, United Black Caucus, Young Congressional Congress, and Memphis Government Transportation Industry.  Although he paid the $350.00 filing fee, on August 23, 2012, the Court issued a deficiency order (requesting addresses for service of process) and a questionnaire (inquiring into the jurisdictional basis of the complaint).  The deadline for Plaintiff's response was September 20, 2012.  However, on September 5, 2012, the deficiency order and questionnaire were returned to the Court marked "NOT DELIVERABLE AS ADDRESSED." (Doc. 7).  Although the Clerk of the Court promptly re-mailed the orders to a second address reflected in Plaintiff's pleadings, the orders were again returned to the Court on September 25, 2012, marked "ATTEMPTED -  NOT KNOWN; UNABLE TO FORWARD."  (Doc. 8).  As of the date of this recommendation, Plaintiff has failed to apprise the Court of his new address.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has had ample opportunity to respond to the Court's deficiency order and questionnaire and to notify the Court of his new address. The Court is not required to delay disposition in this case until such time as Plaintiff provides a current address. Therefore, this action should be dismissed without prejudice for lack of prosecution.[1] *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED October 1, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] **Error! Main Document Only.** Absent answers to the questionnaire, the Court cannot determine when the events at issue in this case occurred. Thus, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3